UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT MALDONADO on behalf of himself )
and all others similarly situated, )
)
      Plaintiff, )
) Civil Action No. 20-cv-
      v. )
)
CONVERGENT OUTSOURCING, INC., )
) <u>Jury Demanded</u>
      Defendant. )

## CLASS ACTION COMPLAINT

Plaintiff, Robert Maldonado, on behalf of himself and a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. §1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete injury and harm as a result of Defendant's attempt to collect an alleged debt from him, by mailing him a letter without clearly stating the amount alleged to be owed by him.

1

## PARTIES

5. Plaintiff, Robert Maldonado ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Verizon Wireless consumer account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a (3) of the FDCPA.

6. Defendant, Convergent Outsourcing, Inc., ("Convergent"), is a Washington corporation, registered to do business in Illinois. Its registered agent here is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois, 60604.

7. Convergent is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Convergent regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, such as that asserted to be owed to Verizon Wireless in this case, and is a "debt collector" as defined in 15 U.S.C. § 1692a (6) of the FDCPA.

9. In fact, Convergent's communication to Plaintiff regarding the Verizon Wireless debt that it attempted to collect from him states in part that "THIS COMMUNICATION IS FROM A DEBT COLLECTOR".

10. Convergent holds a collection agency license from the State of Illinois.

## FACTUAL ALLEGATIONS

11. According to Convergent, Plaintiff incurred an alleged debt for wireless telephone services used for personal purposes, originally for a non-business, consumer Verizon Wireless account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a (5) of the FDCPA.

12. Plaintiff did not, however, agree to open the account with Verizon Wireless, that Convergent was attempting to collect from him.

13. Plaintiff does not owe the alleged debt that Convergent was attempting to collect from him.

14. Plaintiff thereafter refused to pay the alleged debt, and the alleged debt went into default.

15. Convergent subsequently began collecting the alleged debt.

16. On or about October 25, 2019, Convergent mailed a collection letter ("Letter") to Plaintiff in an attempt to collect on the alleged debt. (Exhibit A, Collection Letter)

17. The Letter conveyed information about the alleged debt, including an account number, the identity of the creditor, and an account balance.

18. Thus, the Letter was a communication as that term is defined in §1692a (2) of the FDCPA.

19. The Letter was Convergent's initial communication with Plaintiff made in connection with the collection of the alleged debt.

20. The Letter conveyed an "Amount Owed" of $1,136.24 on the alleged debt. (Ex. A, Letter).

21. The Letter also communicated a "Total Balance" of $1,340.76.

22. The Letter offered a "Reduced Balance Amount" of $1,005.57.

23. The Letter also communicated a "Collection Cost" of $204.52.

24. Plaintiff was confused by the content of the Letter, as he did not know the amount of the debt based on the conflicting and confusing information provided in the Letter.

25. An unsophisticated consumer would be confused by the content of the Letter, as the consumer would not know the amount of the debt based on the conflicting and confusing information provided in the Letter.

26. Plaintiff did not know which of the balances, if any, was the amount of the debt.

27. Plaintiff did not know if "Collection Costs" were already due and owing, according to Convergent, since said amount was not included in the "Amount Owed".

28. An unsophisticated consumer would not know if "Collection Costs" were already due and owing, according to Convergent, since said amount was not included in the "Amount Owed".

29. The unsophisticated consumer would not know which of the balances, if any, was the amount of the allege debt.

30. Plaintiff did not understand why the "Total Balance" was $1,340.76 if the "Amount Owed" was only $1,136.24.

31. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.**
>
> **(2) The false representation of—**
> **(A) the character, amount, or legal status of any debt; or**
> **(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**

32. Convergent misrepresented the amount of the alleged debt, in violation of 15 U.S.C. § 1692e (2).

33. The "Amount Owed" cannot be $1,136.24 if the "Total Balance" is $1,340.76.

34. When there are two different accounts of what a debtor owes the creditor, that one version is the correct description does not save the other, incorrect version. *Veach v. Sheeks*, 316 F.3d 690, 93 (7th Cir. 2003), citing *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999).

35. Convergent communicated multiple different accounts of what it asserts Plaintiff owes on the alleged debt.

36. 15 U.S.C. § 1692g of the FDCPA provides as follows:

> **Validation of debts**
>
> **(a) Notice of debt; contents**
>
> **Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**
>
> **. . . (5) the amount of the debt. . .**

37. Convergent failed to effectively state the amount of the debt in its initial communication to Plaintiff, in violation of 15 U.S.C. § 1692g (a)(1).

38. Violations of the FDCPA which would influence a consumer's decision to pay a debt in response to a dunning letter are material. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (citing *Muha v. Encore Receivable Mgmt., Inc.*, 558 F.3d 623, 628 (7th Cir. 2009)).

39. Convergent's failure to communicate the amount owed by Plaintiff influenced his decision to pay the alleged debt, as he did not even know how much he was asserted, by Convergent, to owe on the alleged debt.

40. Convergent's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## **CLASS ALLEGATIONS**

41. Plaintiff, Robert Maldonado, brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom Defendant Convergent attempted to collect on a Verizon Wireless account (3) by mailing a form letter substantially similar to that mailed to Plaintiff attached as Exhibit A (4) that states an "Amount Owed", a "Total Balance", a "reduced balance amount", and "Collection Cost" (5) where the "Total Balance" and "Amount Owed" state different amounts (6) sent during the period of time that begins one year prior to the filing of this Class Action Complaint, and ends on the date of filing of the Class Action Complaint.

42. Exhibit A is a form letter.

43. As Exhibit A is a form letter, the Class likely consists of more than 40 persons from whom Convergent attempted to collect a defaulted Verizon Wireless consumer account.

44. Plaintiff Maldonado's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

45. The prosecution of separate actions by individual members of the Class would create a risk inconsistent or varying adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the

Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

46. Plaintiff Maldonado will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Convergent's conduct was perpetrated on all members of the Class and will be established by common proof.

47. Moreover, Plaintiff Maldonado has retained counsel that have been found to be adequate in previous class actions brought under the FDCPA.

48. Convergent's net worth is more than $50,000,000.

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

49. Convergent failed to effectively state the amount of the debt in its initial communication to Plaintiff, in violation of 15 U.S.C. 1692g (a)(1).

50. Convergent misrepresented the amount of the alleged debt, in violation of 15 U.S.C. § 1692e (2).

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and the class and against Defendant Convergent as follows:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k (a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k (a)(3); and

    C.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/*Mario Kris Kasalo*  
One of Plaintiff's Attorneys

Mario Kris Kasalo  
**The Law Office of M. Kris Kasalo, Ltd.**  
20 North Clark Street, Suite 3100  
Chicago, IL 60602  
Tel 312-726-6160  
Fax 312-698-5054  
mario.kasalo@kasalolaw.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: s/ *Mario Kris Kasalo*  
Mario Kris Kasalo