IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT MALDONADO on behalf of himself And all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| CONVERGENT OUTSOURCING, INC., | ) ) |
| Defendant. | ) ) |

Case no. 20-cv-01560

Honorable Sharon Johnson Coleman

Magistrate Judge Susan E. Cox

**MEMORANDUM OPINION AND ORDER**

Plaintiff Maldonado ("Maldonado") filed a complaint on March 3, 2020 alleging Defendant Convergent Outsourcing, Inc. ("Convergent") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Specifically, Maldonado alleges that a collection letter sent by Convergent to Plaintiff fails to effectively communicate the amount of the debt under § 1692(g) and is false, deceptive or misleading under § 1692(e). Convergent moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that its collection letter does not violate the FDCPA as a matter of law [13]. For the reasons set forth below, this Court grants Convergent's motion.

**Background**

Maldonado allegedly incurred a debt of $1136.42 to Verizon Wireless on a consumer account for wireless telephone service. Maldonado disputes the fact of the debt. On October 25, 2019, Convergent sent a collection letter to Maldonado attempting to collect on this debt.

From Plaintiff's Exhibit A, the exterior of the letter contains the following lines of information:

```
Date: 10/25/2019
Creditor: Verizon Wireless
Client Account #: 098911844200001
Convergent Account #: T-74138338
Reduced Balance Amount: $1,005.57
           Amount Owed:      $1,136.24
           Collection Cost:  $  204.52
           Total Balance:    $1,340.76
```

(Compl., Ex. A). The body of the letter states:

> The account referenced above has been placed by Verizon Wireless with our office for collection.
>
> Our client has advised us that they are willing to satisfy your account in full for 75% of your total balance. The reduced balance amount of $1,005.57 must be received in our office by an agreed upon date. If you are interested in take advantage of this opportunity, call our office within 60 days of your receipt of this letter. We are not obligated to renew this offer.

(*Id.*) Finally, the detachable payment coupon at the bottom of the letter is shown:

```
Convergent Phone #: 866-336-8383
Date: 10/25/2019
Creditor: Verizon Wireless                      Make checks payable to Verizon
Client Account #:    098911844200001
Convergent Account #: T-74138338

Total Balance:       $1,340.76
Reduced Balance Amount: $1,005.57
Amount Enclosed: US _____

New Address:
Address: _____        Convergent Outsourcing, Inc.
City: _____ ST _____ Zip: _____      PO Box 9004
                                                Renton WA 98057-9004
Daytime Phone: (____) _____-_____
Evening Phone: (____) _____-_____

Questions about Convergent visit http://convergenthelp.com/
```

(*Id.*)

**Legal Standard for 12(b)(6)**

To survive a motion to dismiss, a plaintiff must allege sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.

Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). In reviewing Convergent's motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of Maldonado. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).

**Analysis**

Whether a debt collection letter is false, deceptive, or misleading under the FDCPA is generally a question of fact. *Johnson v. Enhanced Recovery Co., LLC*, 961 F.3d 975, 980 (7th Cir. 2020). However, a court may dismiss a complaint under 12(b)(6) if it finds that a significant proportion of the population would not be confused or misled by the language in question. *Id.*; 15 U.S.C. § 1692. The court determines whether a collection letter is confusing or misleading from the objective standpoint of the "unsophisticated debtor." *Id.* at 982 (citation omitted). To such a debtor the Seventh Circuit attributes a basic knowledge of finances, a capacity to make logical deduction and inferences, "reasonable intelligence," and rational thinking. *Id.* (citations omitted).

The sum and substance of Maldonado's complaint rests on his confusion arising from Convergent providing four different dollar amounts in its collection letter, and in particular a "Total Balance" and an "Amount Owed." Section 1692(g)(a)(5) of the FDCPA requires only that a collection letter state the "amount of the debt." It does not require an itemization by which that amount is computed, nor are courts interested in such an itemization, taking the stance that "[a] dollar due is a dollar due." *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757 (7th Cir. 2009). Where more information is provided, however, courts consider whether the multiple dollar amounts would be confusing to an unsophisticated consumer. *See Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999) (a collection letter may confuse even if it is not internally contradictory).

Where a debt collection letter states more than one balance, the Seventh Circuit has held that providing more information than is required by the statute is not a sufficient basis for confusion. In

*Hahn*, where a collection letter itemized the amount owed, the court found that while a collection letter need only provide the amount due, such an itemization might be helpful to consumers. 557 F.3d at 757. In *Olson v. Risk Mgmt. Alternatives, Inc.*, the court rejected the plaintiff's argument that providing both a "Balance" and an amount "Now Due" was confusing, finding that an unsophisticated consumer would understand that the creditor was willing to accept a portion of the balance in lieu of the full amount. 366 F.3d 509, 513 (7th Cir. 2004).

In his briefing, Maldonado has removed the numbers from their context and presented an argument that is more confusing that the documents themselves.

First, as in *Olsen*, Convergent's collection letter provides an itemization of the Total Balance presumably for the debtor's understanding. From the blue box on the exterior of the letter, the "Total Balance" is $1340.76. Taken in context, this value is clearly the sum of the "Amount Owed" and the "Collection Cost" by virtue of the indentation of the three line items and the decimal point alignment of the numerical values. Simple addition is within the purview of an unsophisticated consumer. *See Olson*, 366 F.3d at 513 (citation omitted); *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999) (taking the unsophisticated consumer to have no more than a sixth grade education). Thus, the "amount of the debt" is the Total Balance.

The Court acknowledges that in isolation the distinction between the terms "Total Balance" and "Amount Owed" is not immediately obvious. Either term by itself could be used to describe what § 1692(g) refers to as the "amount of the debt." Yet neither the FDCPA nor the courts have demanded or even suggested the use of any particular language to identify this quantity. *See Barnes v. Advanced Call Ctr. Techs., LLC*, 493 F.3d 838, 841 (7th Cir. 2007); *cf. Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000) (suggesting safe harbor language for continually accruing debt). In *Olsen*, the court upheld the use of the terms "Balance" and "Now Due" which are arguably as indistinguishable in isolation as the terms in Convergent's letter.

Moreover, there is an expectation that an unsophisticated consumer will read a collection letter with care, which implies that the terms should be considered as the consumer would encounter them: in context rather than in isolation. *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000); *see e.g. Olson*, 366 F.3d at 512 (considering the language at issue in the context of the letters at issue). Finally, any difficulty in understanding the difference between the Amount Owed and the Total Balance is made clearer by the fact that, of these two, only the Total Balance is restated in the payment coupon.

Next, although Maldonado does not plead any particular confusion regarding the Reduced Balance Amount, the Court finds that a cursory reading of the body of the letter explains it. Similarly to *Hahn*, Convergent offers to accept 75% of "your total balance" amounting to a "reduced balance amount" of $1005.57 to eradicate the debt. This information is repeated in the payment coupon which presents the debtor with the information of the "Total Balance" and the "Reduced Balance Amount." Any uncertainty a consumer may have about which balance to pay would be removed by reading the body of the letter.

Thus, the Court finds that on its face the Convergent collection letter is neither confusing nor misleading, and it clearly communicates the amount owed.

**Conclusion**

For the foregoing reasons, Defendant's motion to dismiss [13] is granted. Civil case terminated.

IT IS SO ORDERED.

Date: 11/20/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge