# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT MALDONADO on behalf of himself ) <br> And all others similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CONVERGENT OUTSOURCING, INC., ) <br> ) <br> Defendant. ) | Case no. 20-cv-01560 <br><br> Honorable Sharon Johnson Coleman <br><br> Magistrate Judge Susan E. Cox |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff's Motion to Reconsider and Alter or Amend Judgment [32]. For the reasons set forth below, the motion is denied.

### I. Background

Plaintiff purportedly incurred debt for telephone services through carrier Verizon Wireless. Plaintiff believed that he did not owe the debt, so he refused to pay it and defaulted on the debt. Verizon engaged defendant Convergent Outsourcing, Inc. to collect the debt. In October 2019, defendant sent plaintiff a collection letter stating the amount owed, a collection cost, and a total balance amount. The letter also stated a reduced balance amount, which was the amount defendant was willing to accept to write off the debt. Plaintiff filed this suit on behalf of himself and a purported class, alleging that the letter was confusing and violated the Federal Debt Collections Practices Act ("FDCPA"). Defendant moved to dismiss for failure to state a claim, which the Court granted.

Plaintiff now moves under Rule 59(e) for reconsideration of the Court's dismissal and to alter the judgment to allow an amended complaint. The proposed amended complaint adds claims that the letter was deceptive in indicating plaintiff must dispute the debt by mailing a letter to a P.O.

1

Box, that the debt itself was not owed because plaintiff did not agree to open an account with Verizon, and that plaintiff suffered severe emotional distress.

**II.     Legal Standard**

Motions to reconsider are granted in cases of manifest error of law or fact. *Abcarian v. McDonald*, 617 F.3d 931, 943 (7th Cir. 2010). A manifest error of law is not "the disappointment of the losing party, it is the "disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). A motion to reconsider is not appropriate for relitigating arguments or arguing issues that could have been raised previously. *Id.*; *see Banister v. Davis*, 140 S.Ct. 1968, 1700 207 L.Ed.2d. 58 (2020). District courts have broad discretion in determining Rule 59(e) motions. *Abellan v. Lavelo Property Mgmt. LLC*, 948 F.3d 820, 833 (7th Cir. 2020).

**III.    Analysis**

Plaintiff's motion for reconsideration is just as perplexing as his opposition to defendant's motion to dismiss. First, many of plaintiff's arguments (and cases) are ones already litigated in the motion to dismiss. For example, plaintiff previously argued that the Court is a poor proxy for the consumer and that alleging a notice is confusing is sufficient to state a claim. The Court properly rejected these arguments. Plaintiff now argues that two cases the Court relied on (*Hahn v. Triumph Partnerships LLC*, 557 F.3d 755 (7th Cir. 2009) and *Olson v. Risk Mgmt. Alternatives, Inc.*, 366 F.3d 509 (7th Cir. 2004)) are inapposite, but the Court disagrees. *Hahn* stands for the proposition that a collection letter does not need an itemization. 557 F.3d at 757. Plaintiff argues that *Hahn* is distinguishable because it concerned a difference between the amount of interest and principal. But this distinction is irrelevant. Regardless of whether the terms are interest, principal, amount owed, or total balance, *Hahn* still applies; an itemization is not necessary.

Plaintiff's attempt to distinguish *Olson* is equally unavailing. Plaintiff claims that the Court acknowledged the terms "amount owed" and "total balance" are synonymous, but this is a gross mischaracterization of the Court's ruling. The Court acknowledged that in *isolation*, the terms "amount owed" and "total balance" are as indistinguishable as the terms "balance" and "now due" in *Olson*. But the Court emphasized the need to evaluate terms in *context* and pointed out that the terms used in this case are like the terms used in *Olson*. Since the Seventh Circuit upheld the use of *Olson* terms, the terms here are also sufficient.

Plaintiff further argues that the Court erred in not addressing *Veach v. Sheeks*, 316 F.3d 690 (7th Cir. 2003). *Veach* stands for the proposition that when there are differing versions of the balance, the fact that one description of a balance is correct does not bind the debtor because a letter can still be confusing under the unsophisticated debtor standard. 316 F.3d at 693. But the Court's dismissal was not based on one description being correct; it was based on how, in context, even an unsophisticated consumer would be able to simply add the "amount owed" and "collection cost" numbers to get the total balance. *See* Dkt. 30, Memorandum Opinion, pg. 4. The Court held that the letter was not confusing under the unsophisticated debtor standard. *Id.* at 5.

Properly read, defendant's motion to dismiss was for the entirety of the FDCPA claim. As such, the Court correctly dismissed the entire FDCPA class claim. Plaintiff now suggests that the original complaint included separate individual FDCPA violations based on plaintiff's allegation that he did not agree to open a Verizon account. But plaintiff's original complaint clearly states one *class* claim for violating the FDCPA, which cannot contain the 1692(e)(2)(A) and 1692(g)(a)(1) individual allegations based on plaintiff's belief that he did not agree to open the account. The Court rejects plaintiff's clear attempt to retroactively shoehorn non-existent allegations into the complaint.

Finally, plaintiff also argues that the Court can still alter or amend the judgment to allow an amended complaint even if it denies the motion to reconsider. Tellingly, plaintiff does not include a

separate standard for evaluating a motion to alter or amend the judgment and the entire motion itself is under Rule 59(e). Plaintiff's motion to alter or amend the judgment is the motion to reconsider; they are not separate motions. Further, the claims plaintiff seeks to add were available to him when he filed his original complaint. Plaintiff has not met his burden on the motion to reconsider and the Court will stand on its ruling dismissing the case with prejudice.

**IV.     Conclusion**

Because plaintiff has not demonstrated the Court committed a manifest error of law or fact, the Court denies his motion to reconsider and alter or amend judgment [32]. **IT IS SO ORDERED**.

Date:   June 23, 2021                                    Entered: _____

                                                                          SHARON JOHNSON COLEMAN
                                                                          United States District Court Judge